4. BROKERS, § 90*—*when evidence insufficient to show procuring cause of lease.* In an action by a real estate broker against a lessor to recover commissions, evidence examined and *held* to support a finding that plaintiff was not the procuring cause of the lease.

## Marshall Stedman, Appellee, v. Chicago Musical College, Appellant.

### Gen. No. 21,414.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916.

### Statement of the Case.

Action by Marshall Stedman, plaintiff, against Chicago Musical College, a corporation, defendant. From a judgment for plaintiff for $5,831.50, defendant appeals.

Error charged by defendant was the action of the trial court in permitting plaintiff to file an amended declaration and an amended affidavit of claim after defendant had filed a plea of the general issue and after the same were filed striking out defendant's plea, ordering that the default of defendant be entered and entering judgment against it for $5,831.50. The order giving plaintiff leave to file an amended declaration and an amended affidavit of claim was entered November 2, 1914. The amended declaration and amended affidavit of claim were filed the same day. The order provided that defendant's "plea now on file shall stand to said amended declaration, to which latter plaintiff objects and excepts." November 25th defendant's plea was stricken out, its default taken and judgment entered against defendant. The bill of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

exceptions showed that defendant by its counsel objected to plaintiff's motion for leave to amend, but its objection was overruled and defendant excepted; that defendant also excepted to the judgment and prayed an appeal, which was allowed on defendant filing a bond, etc. The record showed no motion of defendant for leave to file an affidavit of merits.

J. E. INGRAM, for appellant; HERMAN FRANK and G. W. KILLELEA, of counsel.

JOHN A. McKEOWN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 248*—*when allowance of amendment in power of court.* The court may permit plaintiff, over defendant's objection, to file an amended declaration and amended affidavit of claim after defendant has filed a plea of the general issue.

2. JUDGMENT, § 106*—*when entry of default proper.* Where plaintiff, by leave of court, files an amended declaration and amended affidavit of merits and defendant's plea is stricken and no amended affidavit of merits is filed, judgment by default is properly entered for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.